**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | Bankruptcy No. 95-34298 (RTL) |
| | : | & No. 95-34383 (RTL) |
| GREGORY D. SACCO, et al., | : | Adv. Proc. No. 95-3468 (RTL) |
| | : | |
| Debtors. | : | |
| ———————————— | : | |
| | : | |
| RICHARD B. HUYKMAN, | : | |
| | : | CIVIL ACTION NO. 07-4607 (MLC) |
| Appellant, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| GREGORY D. SACCO, et al. | : | |
| | : | |
| Appellees. | : | |
| ———————————— | : | |

**COOPER, District Judge**

Appellant, Richard B. Huykman ("Huykman"), appeals from
three separate orders entered by the United States Bankruptcy
Court for the District of New Jersey ("Bankruptcy Court") on June
27, 2007, July 30, 2007, and August 7, 2007, pursuant to 28
U.S.C. § 158(a).  (Dkt. entry no. 1-2, Am. Not. of Appeal.)  For
the reasons stated herein, the Court will affirm those orders.

**BACKGROUND**

Gregory D. Sacco ("Sacco") filed a voluntary bankruptcy
petition under chapter 7 of the United States Bankruptcy Code, 11
U.S.C. § ("Section") 101, et seq. ("Bankruptcy Code"), on June
15, 1995 in the Bankruptcy Court.  See Bankr. No. 95-34298, dkt.
entry no. 1, Pet.  On October 2, 1995, Huykman moved in the

Bankruptcy Court to (1) "except the debts of . . . Sacco in the
consolidated matters of BER-L-4948-92 and BER-L-6756-93 from
discharge", (2) "vacate the automatic stay and/or dismissal in
the consolidated matters of BER-L-4948-92 and BER-L-6756-93", and
(3) remand these matters to state court for trial in their
"original jurisdiction" ("10-2-95 Motion").  Id., dkt. entry no.
13.  In the alternative, Huykman moved for permission to depose
various entities and parties.  Id.  The Bankruptcy Court denied
the 10-2-95 motion on October 24, 1995.  Id., dkt. entry no. 18,
10-24-95 Ord.  Further, the Bankruptcy Court entered a separate
order releasing Sacco from all dischargeable debts, and enjoining
all creditors whose debts were discharged from commencing or
continuing any action to collect such debts from Sacco.  Id.,
dkt. entry no. 15, 10-20-95 Ord.

Huykman commenced an adversary proceeding against Sacco and
Michael David Greenblatt on October 10, 1995 ("Adversary
Proceeding").  Id., dkt. entry btwn. dkt. entry nos. 14 & 16.
The Bankruptcy Court dismissed the Adversary Proceeding complaint
on August 31, 2000.  Id., dkt. entry btwn. dkt. entry nos. 46 &
47.  Moreover, the Bankruptcy Court entered a Final Decree on
June 19, 2002, which stated that Sacco's bankruptcy estate had
been fully administered, and thus, the Bankruptcy Court closed
his bankruptcy case.  Id., dkt. entry no. 55; id., dkt. entry

2

following dkt. entry no. 55.  Nevertheless, the Adversary
Proceeding was later reopened.  See Bankr. Adv. Proc. No. 95-
3468.

Huykman, on December 20, 2005, moved in the Adversary
Proceeding "for orders to establish a lien turn over assets to
pay judgment owed to . . . Huykman and Arthur Marotta."  Id.,
dkt. entry no. 690.  In support of that motion, Huykman explained
that (1) he had entered into a settlement agreement with Sacco
and Richard Sacco (collectively, the "Saccos") pursuant to which
the Saccos admitted that they were in violation of Section 523(a)
of the Bankruptcy Code, and thus, agreed to pay Huykman $169,000
over time, (2) the Saccos had breached the settlement agreement,
and (3) the Bankruptcy Court had entered an order on February 4,
2000, finding that the Saccos had breached the settlement
agreement, entering judgment in favor of Huykman and against the
Saccos in the total amount of $490,000 "as of Jan. 5, 2000", and
ordering that such judgment was nondischargeable under Section
523(a) ("Bankruptcy Court Judgment").  Id., Huykman Cert., at ¶¶
5-6; id., Ex. A, 9-30-99 Settlement Agmt.; id., Ex. B, 2-4-00
Ord.  Huykman argued that "there remain[ed] over $532,565 of
unpaid interest and principal owed by the Saccos", and thus, he
requested that the Bankruptcy Court issue an order or impose a
lien "against Saccos judgment" and various other parties.  Id.,
Huykman Cert., at ¶¶ 7, 12.  Thus, on January 9, 2006, the
Bankruptcy Court directed the clerk to issue a writ of execution

3

so that if the Saccos recovered money in a specific action
pending in state court, "those funds may be levied upon" by
Huykman.  Id., dkt. entry no. 693, 1-9-06 Ord.

Several months later, the Saccos moved to setoff the
Bankruptcy Court Judgment against a judgment entered in favor of
the Saccos and against Huykman in the Superior Court of New
Jersey on October 2, 2003, in the total amount of $522,400
("State Court Judgment").[1]  Id., dkt. entry no. 695; see id.,
dkt. entry no. 701, 6-27-07 Ord., at ¶ 4.  Huykman cross-moved
to, inter alia, (1) setoff the State Court Judgment against the
Bankruptcy Court Judgment, or (2) have the Bankruptcy Court
modify the State Court Judgment or declare it void for lack of
jurisdiction.  Id., dkt. entry no. 696.  After a hearing held on
May 21, 2007, the Bankruptcy Court ordered that the amount of the
State Court Judgment should be setoff against the remaining
unpaid portion of the Bankruptcy Court Judgment, resulting in the
Saccos owing Huykman $18,308 as of January 5, 2007 plus $2,152
arising from a previous order for sanctions ("6-27-07 Order").
Id., dkt. entry no. 701, 6-27-07 Ord.  The Bankruptcy Court also
noted that interest would accrue on the total amount the Saccos
owed to Huykman at the rate of 5.997% per year and be compounded
on January 5 of each proceeding year.  Id.  Further the Court

_____

[1] Although the State Court Judgment was entered on October
2, 2003, it was revised on May 26, 2006.  See id.

4

directed the Saccos to issue a warrant to satisfy the State Court
Judgment.  Id.

Huykman moved for reconsideration of the 6-27-07 Order.
Id., dkt. entry no. 705.  Specifically, Huykman requested that
the Bankruptcy Court (1) correct certain errors made in
calculating interest and "net Judgment", (2) correct the amount
of sanctions owed to Huykman, and (3) order "a new trial of
matters based upon evidence not previously considered, and based
upon fact errors and legal errors of the court to which there
were objections."  Id.  Counsel for the Saccos filed a
declaration in opposition to Huykman's motion for reconsideration
and other pending motions, including motions to compel subpoena
responses.  Id., dkt. entry no. 709, Ferro Decl.  Counsel for the
Saccos argued that there was "nothing new in the latest round of
Huykman motions that was not already addressed or could have been
addressed" at the May 21, 2007 hearing.  Id. at ¶ 11 (internal
parenthesis omitted).  Further, he noted that the Saccos had paid
the total amount owed to Huykman under the 6-27-07 Order, and
thus, the State Court Judgment and sanctions had been satisfied.
Id. at ¶¶ 12-14.  The Saccos also sent Huykman an executed
Warrant to Satisfy Judgment on two occasions, as they were
directed to do in the 6-27-07 Order, so that Huykman could have
the State Court Judgment marked satisfied.  Id. at ¶ 15; id., 7-
19-07 Ferro Letter.

The Bankruptcy Court, after conducting a hearing on July 30, 2007, denied Huykman's motion for reconsideration ("7-30-07 Order"). <u>Id.</u>, dkt. entry no. 712, 7-30-07 Ord.  The Bankruptcy Court acknowledged that Counsel for the Saccos represented on the record, and Huykman confirmed, that the Saccos had paid to Huykman the net amount of the Bankruptcy Court Judgment plus interest in accordance with the 6-27-07 Order.  <u>Id</u>.  Further, the Bankruptcy Court noted that Huykman agreed to sign a Warrant to Satisfy Judgment for filing in the Bankruptcy Court, and a separate Warrant to Satisfy Judgment that had already been docketed in state court.  <u>Id.</u>

Huykman then moved for reconsideration of the 7-30-07 Order. <u>Id.</u>, dkt. entry no. 723.  Specifically, Huykman sought an order (1) correcting calculation errors in the amount of net judgment and interest made in both the 6-27-07 Order and 7-30-07 Order, and (2) setting forth a new judgment amount based on such calculation corrections and the amount the Saccos previously paid to Huykman pursuant to the 6-27-07 Order.  <u>Id</u>.  The Bankruptcy Court denied the motion for reconsideration on August 7, 2007 without further discussion ("8-7-07 Order").  <u>Id.</u>, dkt. entry no. 724, 8-7-07 Ord.  Huykman now appeals from the from the 6-27-07 Order, 7-30-07 Order, and 8-7-07 Order pursuant to 28 U.S.C. § 158(a).  (Dkt. entry no. 1-2, Am. Not. of Appeal.)

**DISCUSSION**

## I.   Jurisdiction and Standard of Review

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees.  28 U.S.C. § 158(a).  A district court reviews a bankruptcy court's "legal determination de novo, its factual findings for clear error[,] and its exercise of discretion for an abuse thereof." In re Rashid, 210 F.3d 201, 205 (3d Cir. 2000); see Fed.R.Bankr.P. 8013 ("On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous.")  Also, the Court, when addressing mixed questions of law and fact, divides the questions into their respective components and applies the appropriate standard to each.   In re Brown, 951 F.2d 564, 567 (3d Cir. 1991).

## II.  Standard of Review Applied Here[2]

Huykman argues that the Bankruptcy Court's rulings were inconsistent with New Jersey Court Rule 4:42-11.  (Huykman Br., at 9.)  Huykman further argues that because the Saccos refused "to accept payment and offset" on October 2, 2003, the date of

---

[2] Sacco's bankruptcy case was commenced prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  See 109 P.L. 8, 119 Stat. 23 (2005). However, those amendments do not impact our analysis of the issues on appeal here.

the State Court Judgment, he was entitled to calculate interest
on the Bankruptcy Court Judgment until July 18, 2007, the date
the Saccos actually paid him pursuant to the 6-27-07 Order and 7-
30-07 Order.  (Id.)  Thus, Huykman contends that the Saccos
should have paid him

> the interest on the federal judgment in the amount of
> $490,000 on Jan. 5, 2000 with interest at 5.997%
> compounding on Jan. 5 of each year giving credit for
> payments made during the year.  This compounding would
> continue through Jan. 5, 2007, then interest until July
> 18, 2007 when payments were made.

(Id. at 10.)

Huykman notes that he made an error and omitted one year's
interest in the handwritten computations he presented to the
Bankruptcy Court during the May 21, 2007 hearing.  (Id. at 11.)
Further, Huykman emphasizes that the Bankruptcy Court relied on
his original calculations at the hearing on the motion for
reconsideration held on July 30, 2007, rather than reviewing a
submission containing revised and corrected computations.  (Id.
at 12-13.)  Huykman asserts that the Bankruptcy Court should have
reviewed and accepted the corrected submissions if it could not
find any error, instead of denying the motion for reconsideration
because it could not locate any error with the calculations
performed at the May 21, 2007 hearing.  (Id. at 13-14.)
Moreover, Huykman asserts that it was unfair for the Bankruptcy
Court to reduce the amount the Saccos owed to him by the payments
they made under the settlement agreement they eventually breached

8

without considering amounts Huykman paid in connection with this settlement agreement and money that the Saccos collected from a third party.  (Id. at 16 ("The court should have considered the entire contract or none of the contract.").)  Therefore, Huykman argues that his "judgment of $490,000 on Jan. 5, 2000 minus the $31,000 paid prior to Jan. 5, 2000, has a principal of $459,000 which collected interest from Jan. 5, 2000 though July 18, 2007 at the federal rate of 5.997%.  Saccos thus owed to Huykman on July 18, 2007 the amount of $175,512.69".  (Id. at 16-17.)[3]

As noted above, the Bankruptcy Court conducted hearings on both May 21, 2007 and July 30, 2007, during which Huykman was given an ample opportunity to discuss his proposed calculations on the remaining amount the Saccos owed to him on the Bankruptcy Court Judgment and the interest that had accrued on such judgment.  See Bankr. Adv. Proc. No. 95-3468, at dkt. entry no 729, 5-21-07 Hearing Tr.; id., dkt. entry no. 730, 7-30-07 Hearing Tr.  During the July 30, 2007 hearing, the Bankruptcy Court noted that it had previously determined that the amount of the State Court Judgment should be setoff against the amount of the Bankruptcy Court Judgment as of October 2, 2003, the date the State Court Judgment was entered.  Id., dkt. entry no. 730, 7-30-07 Hearing Tr., at 6.  The Bankruptcy Court also noted that it had determined that the portion of the Bankruptcy Court Judgment

---

[3] The Saccos did not file an appellee brief.

9

that remained after setoff would accrue interest from October 3, 2003 forward at the federal interest rate of 5.997%.  Id. at 6-7. The Bankruptcy Court then stated that Huykman's motion for reconsideration should be denied because he had not argued that the court's previous determinations were made on a manifest error of law or fact, but instead Huykman reiterated his previous arguments.  Id. at 7.  Nevertheless, the Bankruptcy Court gave Huykman the opportunity to identify the mathematical error he believed he made when calculating the net judgment during the May 21, 2007 hearing.  Id.

Huykman explained that in computing the interest that had accrued on the Bankruptcy Court Judgment he had "dropped 2004". Id. at 8.  However, the Bankruptcy Court reviewed the sheet of paper containing Huykman's handwritten computations, which had been presented to the Court during the May 21, 2007 hearing, and stated:

> If there was an error Mr. Huykman, I would certainly go along with it, but I don't see where it is and I don't see where you skipped a year in interest from October 2nd, 2003 forward.  In fact, when I look at [the] exhibit . . . that you submitted, it looked to me like you were double counting.

Id. at 12.  The Court also stated that "it look[ed] like if anything it may be just a rounding error", and thus, refused to "amend the judgment to increase the amount by a few hundred dollars because i[t] [could not] see exactly where there was an error that was made."  Id. at 13.

10

This Court, like the Bankruptcy Court, has been unable to discern any error in the handwritten calculations Huykman submitted during the May 21, 2007 hearing with respect to the amount the Saccos owed to him pursuant to the Bankruptcy Court Judgment and the interest that had accrued on such judgment. Further, this Court has reviewed the Adversary Proceeding docket, including Huykman's submissions in support of his cross motion for setoff and subsequent motions for reconsideration. After reviewing these submissions as well as Huykman's appellant brief, we conclude that the Bankruptcy Court's findings of fact with respect to the proper setoff date and the amount the Saccos owed to Huykman after the State Court Judgment was setoff against the remaining unpaid portion of the Bankruptcy Court Judgment, are supported by the record in this case, and thus, were not clearly erroneous.  See Fed.R.Bankr.P. 8013.  Specifically, we find that the following factual findings made by the Bankruptcy Court did not constitute clear error: (1) the Saccos did not "forfeit" their right to collect the State Court Judgment; (2) the appropriate way to calculate the setoff was to (a) add interest to the Bankruptcy Court Judgment at the rate of 5.997%, compounding annually, until October 2, 2003, (b) subtract the State Court Judgment from the amount of the Bankruptcy Court Judgment as of October 2, 2003, and (c) add interest to the remaining amount of the Bankruptcy Court Judgment at the rate of

11

5.997%, compounding annually, until the date the Saccos paid such
judgment; and (3) the Saccos owed Huykman $18,308 as of January
5, 2007 plus $2,152 arising from a previous order for sanctions.
See In re Rashid, 210 F.3d at 205 (noting that district courts
review bankruptcy court's factual findings for clear error).  See
Bankr. Adv. Proc. No. 95-3468, dkt. entry no. 701, 6-27-07 Ord.;
id. dkt. entry no. 729, 5-21-07 Hearing Tr., at 22.  Accordingly,
this Court will affirm the (1) 6-27-07 Order, (2) 7-30-07 Order,
and (3) 8-7-07 Order.

## CONCLUSION

The Court, for the reasons stated supra, concludes that
Huykman has failed to demonstrate that the Bankruptcy Court erred
in entering the 6-27-07 Order, 7-30-07 Order, or 8-7-07 Order.
The Court will issue an appropriate order.


     s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge


Dated: March 19, 2008